IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RANDAL ROY JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:14-cv-01534-LSC-JEO ) |
| ANNE FRANKLIN, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 24, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. 6).  Specifically, the magistrate judge determined that the plaintiff failed to allege any actual injury sufficient to entitle him to compensatory damages due to exposure to paint fumes while incarcerated at the Morgan County Jail. (Doc. 6 at 6-7). The plaintiff filed objections to the report and recommendation on April 10, 2015. (Doc. 8).

The plaintiff contends that he painted from 7:00 a.m. to 4:00 p.m. every day and from 11:00 p.m. to 3:00 a.m. most nights for four to six months during his incarceration at the Jail. (Doc. 8 at 2).  He alleges the ventilation system exacerbated the fumes by spreading them throughout the Jail. (*Id*.). The plaintiff now claims in

his objections that he suffers from COPD and has been prescribed albuterol sulfate. (*Id*. at 1). The plaintiff further claims that he cannot be fitted for eyeglasses "because of film covering [his] eyes" and he is slowly losing his eyesight. (*Id*.).

The plaintiff does not allege in his complaint that he has received any medical diagnosis that the conditions he suffers from are a direct result of his incarceration at the Morgan County Jail.[1] Therefore, the plaintiff's claims that he suffers from these medical conditions due to his exposure to paint at the Jail are merely speculative.

Moreover, the plaintiff has not alleged any facts in his complaint for this court to make a finding that the defendants were deliberately indifferent to the conditions at the Jail. The plaintiff's factual allegations show that, at most, the defendants were negligent in exposing the plaintiff and other inmates and staff to paint fumes. However, a prison official's negligent conduct will not support a finding of liability under § 1983. *Farmer v. Brennan*, 511 U.S. 825, 835-39 (1995); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court

---

[1] The plaintiff complains that the magistrate judge denied his motion for appointment of counsel. (Doc. 8 at 1). He states he needs counsel in order to obtain medical records to support his conditions. (*Id*.). However, the court takes as true the plaintiff's allegations that he suffers from these conditions.

is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

Done this 20th day of May 2015.

L. Scott Coogler
United States District Judge
[160704]